## ROSE GARUTI, ADMX.
*vs.*
## ARLINGTON SAVINGS BANK

Superior Court       Hartford County       File No. 58857

### MEMORANDUM FILED OCTOBER 17, 1939.

*Hagearty, McDonough & Keefe,* of New Britain, for the Plaintiff.

*Halloran & Sage,* of Hartford, for the Defendant.

BOOTH, J.   About 8 o'clock p.m., d.s.t., on June 27, 1938, the plaintiff's decedent, Lois Garuti, a girl nine years of age, weighing 60 pounds and being 45 inches in height, had been playing with two other children in the rear yard of a tenement house at 232 Arch Street, New Britain, where they all lived, which tenement house was owned by the defendant. During the course of their play one of the children, Ronold Politis, a boy eleven years of age, picked up a ball from the ground and started to ascend a series of outside rear stairs, which ran from the ground to the fourth floor porch of the tenement house. Following Ronold was his sister, Lois Politis, a girl nine years of age, who in turn was followed by the deceased. During the course of their ascending neither Ronold nor his sister saw the deceased, but each heard her footsteps behind them on the second flight of stairs. Ronold gained the fourth floor porch before his sister and when she arrived both sat thereon awaiting the arrival of the deceased whose approaching footsteps were heard by Ronold, indicating that she had started to ascend the third flight of stairs. While thus waiting Ronold heard a slip or stumble in the approaching footsteps, whereupon he looked down the third flight of stairs, but the deceased was not there. Both Ronold and his sister then looked over the railing of the fourth floor porch and saw the deceased in the yard upon the ground in the vicinity of the stairs.

About this time one Fritz Gerish, a steward of a club which is located next to the building in question, was in the back yard of the club premises and saw the deceased fall through the air at a point between the third and fourth floors of the aforesaid tenement house about the eighth step from the top of the outside stairway leading from the third to the fourth floor. He watched her flight and saw her body strike the ground. The deceased died almost immediately from the effects of the fall.

Shortly thereafter a police officer inspected the premises and found the stairway in question wet and slippery from rain, which had recently fallen, and upon the third or fourth step from the top of the stairway leading from the third to the fourth floor porch he found a mark which was similar to a slip mark and which was about five inches in width and extended from the outside edge of the step toward the center of the step, a distance of about one foot.

From this it appeared that the plaintiff's decedent slipped on the stairs and fell to her death. She must be presumed to have been in the exercise of due care. The only remaining question is whether the defendant has been shown to have neglected a duty to decedent which would render it liable.

It is conceded that the deceased was lawfully upon the premises as a member of a family living upon the fourth floor of the building in question and that the outside rear stairways of the building were under the exclusive care of the defendant as owner of the building.

The claim is made that the stairway from which the plaintiff's decedent fell was so structurally defective as to constitute a nuisance, or that it was maintained in an unsafe and dangerous condition and that the condition of the stairway was the proximate cause of the fall and consequent death of the plaintiff's decedent.

The evidence disclosed that the building was four stories in height; that the rear entrances to the second, third and fourth floors were effected by means of stairways leading to open verandas located on the outside rear of the building. The first stairway led from the ground to the veranda located on the level of the second floor, the second led from the floor of the second story veranda to the floor of the third story veranda, and the third led from the floor of the third story veranda to the floor of the fourth story veranda; the second stairway being

directly over the first stairway, and the third being directly over the second. The third stairway is the one in question.

This stairway consisted of sixteen steps, the angle and size of which were of standard construction. These stairs were not entirely enclosed but there were two rails running from the top to the bottom thereof on both sides and parallel with the angle of the outer edges of the treads of the stairs. The lower of these rails was $3\frac{1}{4}$ inches in width and was located $9\frac{1}{2}$ inches above the top treads of the stairs. The dimensions of the upper of these rails was $1\frac{3}{4}$ by $3\frac{3}{4}$ inches and it was located 13 inches above the aforesaid lower railing and 39 inches above the treads of the stairs. There was a space between the treads of the stairs and the lower railing of $9\frac{1}{2}$ inches and a space between the two rails of 13 inches.

The claim is made that outside stairways thus constructed were inherently dangerous and not reasonably safe for use by children of tenants in tenement houses of the type in question, for the reason that the rails formed insufficient protection against the precipitation of rain and snow upon the treads of the stairs, which at times rendered them slippery and for the reason that the spacing between the guard rails formed insufficient protection against the possibility of a fall upon the stairs by one lawfully using the same.

The evidence shows in this regard that the space between the rails and particularly between the lower rail and the step was enough to allow the body of the plaintiff's decedent to pass. Such a condition, coupled with the fact that the steps when wet became slippery, thus creating a danger that persons might slip thereon, cannot be found to be reasonably safe for the use of children.

It is conceded that the defendant was aware of such use and had been for a substantial period of time. Failure to take steps to remedy the condition created by the rails and the open stairways was negligence proximately causing the decedent's death.

Judgment may therefore enter for the plaintiff upon the issues of the complaint and for the plaintiff to recover of the defendant $5,000 damages and costs.